--------o--------

## Curtis T. Dodge et al. v. Samuel S. Bird.

*Justice's docket : Evidence of confession of judgment.* In an action upon a Justice's judgment, stated upon his docket to have been rendered upon confession, the files of the case are competent evidence to show the character of the writing, alleged to be the confession, on which the judgment was founded.

*Heard January 4. Decided January 5.*

Case made from Lapeer Circuit.

*Gaskill & Geer,* for plaintiffs.

*W. Hemingway,* for defendant.

COOLEY J.

This action appears to have been brought upon a judgment purporting to have been rendered by one Hubbel Loomis, a Justice of the Peace of Lapeer County, on the sixth day of August, 1860, upon a written confession of defendant, without any service of process. The plaintiffs, having put the docket in evidence, without producing the files: the defendant was sworn as a witness on his own behalf, and testified under objection, that he did not on the

said sixth day of August, 1860, or at any other time, confess a judgment in writing before said Justice, or sign any confession in writing, or authorize said Justice, in writing, or otherwise, to render judgment against him in favor of the plaintiffs. He then offered in evidence the files of the Justice in the cause, which were admitted by the plaintiffs to be the only files therein, among which was a promissory note or due bill of defendant, dated August 6, 1860, and payable to the plaintiffs or bearer. This was the only paper among the files, except two executions. And the defendant further testified that he did on said occasion (meaning, as we understand him, when in the Justice's office), sign a promissory note, and no other paper. There being no evidence contradicting or qualifying the evidence of the defendant, except so far as the docket might have that effect, the Circuit Court rendered judgment in favor of the plaintiffs for the amount of the judgment and interest thereon.

We think the Court erred. The grounds of the judgment do not appear in the record, and it is probable that the Circuit Judge regarded the recitals of the Justice's docket as conclusive that a written confession had actually been made. But if a Justice mistakes a promissory note for a confession of judgment, and enters up judgment upon it, it cannot be that the party against whom it is entered is precluded from producing the files to prove the error. The paper which has been treated as a confession, is, in such a case, the best evidence of what its nature really is; and as the jurisdiction of the Justice to take any action depends upon its being such an instrument as the statute permits judgment to be rendered upon, it is evident that the recitals, if erroneous, are a mere nullity.

It is not necessary for us to consider in this case how far, or under what circumstances the docket of a Justice may

be explained or contradicted by parol evidence. The defense in this case does not depend upon the oral evidence, but is conclusively made out by the files, which show, that that which must have been taken as a confession, was no confession at all. Leaving the oral evidence entirely out of view, it is plain, we think, that the judgment should be reversed.

The other Justices concurred.